IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10528
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CURTIS LEE GREEN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(4:01-CR-187-1-A)
--------------------
January 23, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Curtis Lee Green appeals his sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He contends that because his unauthorized use of a motor vehicle during one of two burglaries was not a crime of violence, United States v. Charles, 301 F.3d 309 (5th Cir. 2002) (en banc), the district court erred in relying on his unauthorized use of the vehicle to enhance his sentence under U.S.S.G. § 4B1.4(c).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Green was charged with two counts of stealing firearms from a federal firearms licensee (counts one and two) and two counts of being a felon in possession of a firearm (counts three and four). He pleaded guilty only to count three.

The burglaries charged in counts one and two occurred on August 17, 2001, and September 3, 2001, respectively. Count three charged Green with being a felon in possession of a firearm only on August 17, 2001, the date of the first burglary; but, the unauthorized use of a motor vehicle, on which the district court relied in sentencing Green as a career criminal under U.S.S.G. § 4B1.4(c), occurred on September 3, 2001 in connection with the second burglary.

The government concedes that the district court erred in using Green's subsequent unauthorized use of a motor vehicle on September 3, 2001, to enhance his sentence for an earlier offense of conviction committed on August 17, 2001. Whether Green's unauthorized use of a motor vehicle was a crime of violence is therefore irrelevant. The government argues, nevertheless, that the August 17, 2001, burglary and theft of firearms qualifies as an alternative crime of violence, so that Green's sentencing as a career criminal under § 4B1.4(c) was not plain error. There is nothing in the record to indicate, however, that anyone was inside the pawn shop when Green burglarized it, or that anyone outside the shop was near the premises. Thus, there could not be a "use, attempted use, or threatened use of physical force against the

2

person of another," as required by § 4B1.2(a)(1).  Whether the burglary involved "conduct that present[ed] a serious potential risk of physical injury to another" when the record indicates there were no others in the shop or on the premises is not clear.  We therefore vacate Green's sentence and remand for resentencing consistent with <u>United States v. Charles</u>, 301 F.3d 309 (5th Cir. 2002) (en banc).

We deny Green's request that the Federal Public Defender be allowed to withdraw, or, in the alternative, that he (Green) be allowed to file a supplemental brief.

AFFIRMED IN PART; VACATED IN PART and REMANDED FOR RESENTENCING; MOTION DENIED.